JOHN WEBB *v.* THE STATE.

1. PRIVILEGE TAX. *Manufacturers of Whisky.* Manufacturers of whisky and brandy out of products of farms and orchards in the State, who sell by wholesale, are liable for the privilege tax imposed upon wholesale liquor dealers.

2. CRIMINAL LAW. *Indictment.* A count in an indictment which charges that the defendant sold whisky without having first taken an oath not to mix or adulterate, and without giving bond, etc., does not charge two offenses in same count.

FROM CAMPBELL.

Appeal in error from the Circuit Court of Campbell county. D. K. YOUNG, J.

J. C. J. WILLIAMS for Webb.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

At November term, 1882, of the circuit court of Campbell county, the grand jury returned a presentment against plaintiff in error, Webb, for selling liquor unlawfully. It contained four counts:

The first count charged that he sold without having first taken the oath not to mix or adulterate, etc., and without having given bond, etc.

The second, for selling and tippling within four miles of an incorporated institution of learning.

The third count charges a sale in less quantity than a quart.

The fourth count charges a sale by wholesale without having obtained a license.

The jury upon the trial rendered a verdict of not guilty upon the second and third counts, but guilty upon the first and fourth counts, that is to say, the conviction is for failure to take an oath and give bond, and for unlawfully selling as a wholesale dealer without obtaining a license,

The only proof was, that defendant was a manufacturer of whisky from the products of the farm, etc., of the State, and sold a quart, which was not drank upon the premises, but was taken to his home by the purchaser.

It is earnestly insisted that the manufacturer of spirits, wines, etc., from the produce of any farm, garden, etc., in this State, is exempt from the privilege tax imposed on other dealers, by virtue of the act of 1870, Code, section 691 *e*, notwithstanding the subsequent acts of 1881, and that both acts may stand together, the later acts only applying to dealers other than manufacturers from the products of the farms, etc., of the State.

By the 46th section of the act of 1881, entitled " an act to provide more just and equitable laws for the assessment and collection of revenue for State and county purposes," etc., it is provided the occupations and business transactions enumerated therein, shall be deemed privileges and be taxed, and not pursued or done without license.

Among these occupations and business transactions are mentioned " liquor dealers, whether liquor be spirit-

uous, vinous or malt (wholesale or retail)": Acts of 1881, p. 256.

By another act passed at the same session, entitled "an act to provide revenue for the State of Tennessee and counties thereof," a tax is imposed on wholesale liquor dealers of $150, and taxed also as other merchants. Retail dealers are also taxed as other merchants, and in addition are required to pay a tax of $150 to $200: Acts of 1881, p. 201.

We think it is manifest from these acts that all wholesale dealers, as well as all retail dealers, are required to pay the taxes imposed by them. No exception is made in favor of any class of dealers by the acts, and all who deal in liquor, whether they sell by wholesale or retail, are required to obtain license and pay the tax imposed.

But do the facts proved make plaintiff in error a wholesale liquor dealer, as charged in the fourth count? The only evidence of a sale is, that in September or August, 1882, the witness bought a quart of corn whisky from defendant, that the whisky was not drank upon the premises, but carried home by the purchaser.

It would be a very strained construction of this transaction to hold that such a sale is a wholesale transaction. The more reasonable construction of this transaction is that the purchaser bought this quart for his own consumption.

In the recent case of *State* v. *Lowenhaught* (11 Lea, 13), decided at the last term of this court at Jackson, Judge Freeman, in delivering the opinion of the court said: "What is meant by retailing, is selling by small

quantities to suit customers, articles which are bought
in larger amounts generally." One who sells in this
way is a retail dealer, and one who sells in gross, and
not by the small quantity or parcel to consumers, is
a wholesale dealer.

We are of opinion, therefore, that facts proved do
not sustain the averment in the fourth count of the
presentment, that defendant did unlawfully sell spirit-
uous liquors by the wholesale, without having first
obtained a license to do so.

The conviction, therefore, cannot be sustained upon
the fourth count. The jury having acquitted defend-
ant on the second and third counts, it remains only
to consider the first count. That count avers that
defendant unlawfully and wilfully sold spirituous li-
quors, etc., without having first taken the oath not to
mix or adulterate the same, and without having given
bond, etc.

The objection taken to this count is, that there are
two offenses charged in the first count, the one failure
to take the oath and the other failure to give bond.
The obvious answer to this objection is, that the only
*offense* charged is the unlawful sale of liquor, and the
averment of the failure to give bond and take the oath
prescribed, are reasons why the sale is unlawful, but
the offense is the unlawful sale, and this is the only
offense charged.

It is not analogous to the cases cited, where two
distinct felonies were charged in the same count. Nor
is there any thing in the objection that the presentment
recites a wrong section of the act of 1860, as requir-

ing the oath to be taken and the bond given. It does aver a failure to take an oath not to mix or adulterate, etc., and also a failure to give a bond as required. The oath and bond are sufficiently described, and it was not necessary even to cite the act which required them to be taken and executed, and such citation might be rejected as surplusage, and the error would not be fatal.

It is further insisted that the presentment should conclude "contrary to the form of the statutes," and not "against the peace and dignity of the State," as in this case. Section 5115 of the Code provides that in no case are the words "force and arms," or "contrary to the form of the statute," or "moved and instigated by the devil," or "other words not essential to constitute the offense, necessary or proper." While section 12 of Article 6 of the Constitution ordains that indictments shall conclude "against the peace and dignity of the State."

We hold, therefore, that the verdict as to the first count was correct, and the judgment will be affirmed.